Filed
D.C. Superior Court
05/16/2017 09:39PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | |
|---|---|
| GRADILLAS COURT REPORTERS, INC.<br>520 N. Central Avenue, Suite 720<br>Glendale, California 91203<br><br>PLAINTIFF,<br>v.<br><br>CHERRY BEKAERT, LLP<br>200 South 10th Street, Suite 900<br>Richmond, Virginia 23219<br><br>SARA CRABTREE<br>222 Central Park Avenue, Suite 1400<br>Virginia Beach, Virginia 23462<br><br>DOES 1 through 50, inclusive<br><br>DEFENDANTS. | CIVIL ACTION NO. 2017 CA 003381 B<br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff Gradillas Court Reporters, Inc., (hereinafter "Plaintiff" or "Gradillas") alleges as follows:

### THE PARTIES

1. Plaintiff Gradillas is now, and was at all relevant times, a corporation doing business in Washington D.C. as well as nationally and internationally.

2. Gradillas worked with Defendants for many years and they provided accounting and government contracting and advisory services to it.

3. Plaintiff is informed and believes, and on that basis, alleges that Defendant Cherry Bekaert ("Cherry") is now, and was at all times herein relevant, a Limited Liability Partnership engaged in the business of tax, management, accounting, consulting, and federal contracting

1

services. Cherry does business, and advertises that it does so, in Washington D.C. Cherry has offices in Tysons Corner, Virginia, and Bethesda, Maryland, which service Washington D.C. Cherry's Tysons Corner office is referred to on its website as its "Washington D.C." office. At all relevant times, Cherry provided accounting, and government contracting advice and services to Plaintiff Gradillas for government contracts in Washington D.C.

4. Plaintiff is informed and believes, and on that basis, alleges that Defendant Sara Crabtree ("Crabtree") is now, and was at all times herein relevant, a senior manager of Cherry, providing accounting, government contracting advice and services in Washington D.C. Ms. Crabtree is promoted by Cherry as having a Master's Degree in Accounting and is a member of the Association of Government Accountants. Ms. Crabtree provided government accounting services for Gradillas including on bids submitted to the SEC and other government contracts in Washington D.C.

5. The true names and capacities of defendants named as DOES 1 through 50, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants when they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitious defendants has participated in the acts alleged in this complaint that have been done by the named defendants.

6. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, each of the defendants, whether named or fictitious, was the agent or employee of each of the other defendants, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, and/or ratified the acts of the other. To the extent that said conduct was perpetrated by certain defendants, the named defendant or defendants confirmed and ratified the same.

7. Plaintiff is informed and believes, and on that basis alleges, that at all times herein relevant, each defendant was the agent, principal, alter-ego, employee, and/or partner of each other defendant in the acts and conduct alleged herein, and therefore incurred liability to Plaintiff for the acts and conduct alleged herein and/or for the acts and omissions alleged below. Plaintiff

is further informed and believes, and on that basis, alleges that at all times herein relevant, all of the defendants were acting within the course and scope of their employment and/or said agency.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this complaint pursuant to D.C. Code Ann. Section 11-921.

9. This Court has personal jurisdiction over Defendants pursuant to D.C. Code Ann. Section 13-422, and venue is proper in this Court because Plaintiff Gradillas does substantial business in the District, particularly with government contracts. Further, substantially all of the work performed by Defendants on behalf of Plaintiff Gradillas was for Washington D.C. based contracting officers; and, specifically, all work performed in completing SEC bids was directly for the Washington D.C. based SEC Contracting Officers. Moreover, a significant part of the events giving rise to Plaintiff's complaint occurred within the District of Columbia. The Bid in question here was to be submitted, and was submitted, in the District to the United States Securities and Exchange Commission. Further, Defendants also conduct substantial business in the District, particularly in regards to government contracts. Defendants also have offices in both Tysons Corner, Virginia, and Bethesda, Maryland, which service the District. In fact, Defendants' Tysons Corner office is referred to as their "Washington D.C." office. Defendant Cherry also has a registered agent in the District. Defendant Crabtree does business representing accounting and government contractor clients in the District of Columbia, including for Plaintiff Gradillas. The Bid at issue here was submitted by Defendant Crabtree to the SEC in the District. This action is based on claims made under Washington, District of Columbia law, and Plaintiff Gradillas' injuries and damages occurred in Washington, District of Columbia.

## GENERAL ALLEGATIONS

10. Defendant Cherry advertises its Government Accounting Contract Consulting Services. For example, Defendants website states that Cherry is "[r]anked among the largest accounting and consulting firms in the country, Cherry Bekaert specializes in offering solutions that impact our clients' ability to grow. For more than 65 years, global corporations, private

businesses, government entities, nonprofits, emerging firms, start-ups and successful individuals have relied on Cherry Bekaert to guide them forward to their growth destination." *See* http://www.cbh.com/about/ (last visited April 24, 2017).

11. Defendant Cherry's website also states that its "team of seasoned and experienced GovCon consultants helps our clients address the complexities that come with federal contracting. We strive to remain responsive and attentive to our clients' accounting and financial needs, while providing innovative and tailored consulting solutions across a wide range of service areas." *See* Cherry Bekaert, Government Contractor Consulting Services, http://www.cbh.com/services/advisory-services/government-contractor-consulting-services/ (last visited April 24, 2017).

12. Defendant Cherry further refers to its government contractor consulting services as "Achieving Success When Selling to the World's Largest Buyer." *See* Cherry Bekaert, Government Contractor Consulting Services, http://www.cbh.com/industries/government-contractors/ (last visited April 24, 2017). Defendant goes on to detail its services and strengths:

> For those involved in Federal contracting, compliance is just one of the many complications that you will face. Cherry Bekaert's Government Contractor Services Group understands the complex challenges you face in a regulated environment. Our industry specialists work with hundreds of organizations involved with federal contracting and have the technical know-how and project management experience to help you make the most of emerging opportunities while minimizing FAR, DFAR and DCAA compliance issues. We can help you realize compliance and minimize risk, and more importantly, achieve industry best practices.
>
> With our deep focus in this industry, our audit and tax practices bring a unique approach to the government contractor community. Our experienced government contractor advisory team includes former DCAA auditors, contractor CFOs/controllers, contract directors, and banking and government procurement executives. You will benefit from proactive, integrated and timely advice based upon the holistic knowledge we bring to problem solving.
>
> Federal Contracting covers organizations in technical services, product manufacturing and engineering, ranging from multi-billion dollar, multi-national corporations, to small businesses, have benefited from our contractor consulting expertise. We've worked successfully with such agencies as DoD, GSA, HHS, SBA, USAID and the IRS on behalf of our

      Federal Contracting clients. By the way, that's not just our opinion; in a recent survey, many of our clients gave us particularly high marks for our work on regulatory issues.

13. Josephine Gradillas ("Ms. Gradillas"), is the sole owner of Gradillas Court Reporters, Inc.

14. Ms. Gradillas saw advertisements for the services of Defendant Cherry similar to those described in paragraphs 10-12 above. Specifically, Ms. Gradillas was interested in Defendant Cherry's accounting expertise as it relates to its Government Contractor Consulting Services.

15. On Ms. Gradillas' instruction, her representative contacted Defendant Cherry about these services and was referred to Defendant Sara Crabtree by Principal John T. H. Carpenter.

16. Ms. Gradillas relied on Defendants to guide and assist her and Plaintiff Gradillas through the government contractor bid and accounting process successfully.

17. Ms. Gradillas first retained Defendants to assist her with the preparation and submission of government accounting and contractor bids in March of 2013.

18. Ms. Gradillas worked with Defendants on numerous government accounting and contractor bids prior to the March 2017 U.S. Securities and Exchange Commission ("SEC") Bid at issue here. Defendants' job was to advise Plaintiff Gradillas and properly prepare the bids, including the March 2017 Bid, and timely submit the Bid to the SEC. Defendants' also worked with Plaintiff Gradillas on several other government projects which did not involve bidding or proposals.

19. Defendants successfully assisted and advised Plaintiff on many previous government accounting and contractor bids, including bids to the SEC, and timely submitted all of these bids.

20. Plaintiff paid Defendants for their work.

21. It is a fundamental basic proposition that government accounting and contractor bids have day and hour deadlines and must be submitted on time to be considered. Defendants

knew this fundamental basis proposition when they agreed to represent Plaintiff in government contracting bids and other work.

22. On February 10, 2017 the SEC issued a solicitation for a contractor to provide worldwide deposition reporting and transcription services including video depositions for discovery in court proceedings and SEC administrative proceedings. The solicitation for bids covered a period of time from June 26, 2017 through June 25, 2021.

23. The solicitation documents specified that a qualified woman-owned small business contractor was being sought for the contract.

24. The contract was for the SEC Headquarters, Washington D.C. and all eleven Regional Offices located in Atlanta, Boston, Chicago, Denver, Fort Worth, Los Angeles, Miami, New York, Philadelphia, Salt Lake and San Francisco.

25. Ms. Gradillas was informed of the new opportunity to bid for the SEC contracts via FEDBIZOPPS, the central website where Federal agencies are required to publish all Federal contract solicitations with a value of at least $25,000, on February 13, 2017. As is typical for government contract bids, the deadline for submission of proposals for the Bid was published, and it was March 17, 2017 at 12:00pm Eastern Daylight Time.

26. Ms. Gradillas contacted Defendants and asked them to act as Plaintiff's consultants on this bid for the SEC contract (hereinafter "the Bid") via email on Friday February 24, 2017 three weeks before the bid deadline, and requested assistance with preparation and timely submission of the Bid. Specifically, Ms. Gradillas highlighted the Bid deadline for Defendants and stated that she "would like to have a plan on the timing of our written proposal for this. The target date is Friday March 17, 2017. I would very much like to have the final 2 to 3 days before, so that I have ample time to really comb thru [sic] it."

27. Defendant Crabtree, in an email response dated the same day, February 24, 2017, confirmed that she had received Ms. Gradillas' information regarding the Bid, and agreed to provide services in preparing the Bid, as she had in the past. Over the next three weeks, Ms. Gradillas supplied Defendants with information to include in the Bid proposal which Defendants

were ultimately to prepare and submit to the SEC. Plaintiff Gradillas gave Defendants all the information requested days before the bid was due. As Defendants know, Plaintiff Gradillas had an excellent reputation with the SEC, which had encouraged Plaintiff Gradillas to bid for more contract work.

28. Defendants assured Ms. Gradillas that the SEC bid would be completed and submitted on time.

29. Ms. Gradillas continued to send Defendants emails and additional information throughout the following two-week period, as Defendants requested. Defendants assured Plaintiff by phone and email virtually hours before the bid was due that it would be submitted timely. Defendants did not in fact submit the SEC bid on time as they had agreed, but submitted the bid three minutes late at 12:03pm EDT March 17, 2017.

30. As Defendants know, and as is standard in U.S. Government contract bids, late bids are automatically rejected, and for this reason Plaintiff Gradillas' bid was rejected by the SEC as untimely. In fact, this requirement was clearly stated in the text of the Bid solicitation documents: "LATE PROPOSALS WILL NOT BE ACCEPTED."

31. Plaintiff had no reasonable way to know that Defendants would miss the SEC deadline in time to take action to prevent the loss.

32. Defendants have admitted that the rejection of the Gradillas bid by the SEC was entirely their fault in writing both to Plaintiff and to the SEC.

33. For example, in an email on March 17, 2017 to the SEC government accounting and contract contact for this bid, Ms. Euley, who was supposed to receive the bid, Defendant Crabtree stated that "[t]he Gradillas Court Reporters submission being late is 100% the fault on my end." In addition, in another email the same day to the SEC contacts, Defendant Crabtree stated "[t]he delay was truly an issue on my end and I hate for the company to be penalized due to problems I incurred."

34. Defendant Crabtree also admitted total fault in an email sent to Ms. Gradillas on March 23, 2017, stating that:

7

"I'm really sorry. I underestimated how long it would take me to complete the pricing spreadsheets and just wasn't able to get it done in time. . . . I grabbed a coworker late Friday morning when I realized I was cutting it so close to the deadline but I obviously waited too long and for that I'm really sorry that you lost the chance to be considered for this opportunity."

35. Defendants failure to complete and submit the Bid on time is below the standard of professional care for accounting and consulting firms providing government accounting and contracting services to their clients. Also, Defendants failure to submit the Bid on time breached their agreement to provide proper accounting and government services in connection with the Bid.

36. It is more likely than not that, had the bid proposal been submitted on time, Plaintiff Gradillas would have been awarded the contract.

37. Ms. Gradillas has for many years built up Plaintiff Gradillas to become a strong candidate for handling work for various U.S. Government Agencies, including the SEC.

38. As required for this particular SEC Bid, Plaintiff Gradillas is certified as a Small Business, Woman-Owned, and Economically Disadvantaged Firm; and is certified by the Small Business Administration as an 8(a) possessing certifications in all above categories.

39. Plaintiff Gradillas also possesses a U.S. General Services Administration ("GSA") Schedule to attract work through the GSA acquisition process.

40. Plaintiff Gradillas has, for the past two years especially, successfully provided all of the services required in the SEC bid proposal, to many clients, including U.S. Government clients and the SEC specifically, both domestically and internationally. Further, Plaintiff Gradillas has two contracts existing with the SEC.

41. Plaintiff Gradillas, after consulting with Defendants, had priced its proposal at a discounted rate of seven percent due to the large volume of work this contract would deliver.

42. Plaintiff Gradillas has provided and is still providing court reporting services including realtime, realtime drafts, expedited delivery, and synched videos (as required by the proposal) to the SEC both domestically and internationally.

43. Of the twelve Regional Offices of the SEC, Plaintiff Gradillas has handled assignments in nine locations.

44. This Bid from the SEC had an unusual request called a "go/no go factor" which required all candidates to qualify themselves by showing that they had previously done similar work to the requirements the SEC had in this bid proposal within the last two years in multiple U.S. locations as well as internationally. This threshold had to be passed before the SEC would look at and consider the applicant's submission.

45. The "go/no go factor" was clearly designed to weed out any interested party who did not have the on-point experience and expertise.

46. Plaintiff Gradillas would have meet and exceeded this threshold due to its significant and lengthy on-point experience and expertise.

47. SEC contracting officers had evaluated Plaintiff Gradillas' prior work and in writings stated that if they had the choice, they would award future contracts to Plaintiff Gradillas, based on prior performance. All of this is known to Defendants.

48. Had Plaintiff's Bid been submitted on time, it is more likely than not that Plaintiff Gradillas would have been awarded the SEC contract.

49. Due to Defendants' professional negligence and breach of their agreement with Gradillas, Plaintiff lost the SEC contract and the profits which it would have obtained therefrom.

50. The revenue for Plaintiff from the SEC Bid contract would have been $21,532,000.

51. Plaintiff's five-year total profit from the SEC Bid contract would have been $12,205,421.

52. The SEC Bid in issue would have led to beneficial exposure and publicity for Plaintiff, with the likelihood of additional government contracting work.

53. Plaintiff has suffered reputational damage as a result of the late Bid submission to the SEC, which has materially damaged Plaintiff.

54. Defendants committed professional negligence which caused Plaintiff foreseeable damages, as is set forth herein and according to proof at the time of trial.

55. Defendants breached their contract to provide competent government accounting consulting services, which includes the submission of bids before the deadline expires, causing Plaintiff foreseeable damages, as is set forth herein according to proof at the time of trial.

## FIRST CAUSE OF ACTION

### (For Breach of Contract Against All Defendants)

56. Plaintiff Gradillas hereby reasserts and realleges paragraphs 1 through 55, inclusive, as though set forth in full herein.

57. Plaintiff Gradillas and Defendants had a course of business dealings over many years whereby Defendants agreed to and provided competent accounting and government contracting services, advising and submitting bids for government contract work and Plaintiff paid Defendants for this work. In February 2017, Plaintiff Gradillas and Defendants entered into another such contract, orally, by course of conduct, and as evidenced by multiple writings. Defendants agreed that they would submit a proper complete bid to the SEC on Plaintiff's behalf on or before the due date and time. Defendants were to, and did in fact provide their services to Plaintiff, and the contract was partially performed by Defendants.

58. However, Defendants breached such contract by their failure to complete and submit the Bid on time as set forth above, and by not performing their obligations to competently provide services to Plaintiff as set forth above.

59. Plaintiff performed all conditions, covenants and/or promises required on their part to be performed and/or incurred the obligations required pursuant to the terms of the contract.

60. As a proximate result of Defendants' breach of contract, Plaintiff's Bid was automatically rejected by the SEC.

61. But for Defendants' breach of contract, Plaintiff was more likely than not to have submitted a successful Bid and been awarded the SEC contract.

62. As a direct and proximate result of Defendants' breach of contract, Plaintiff Gradillas has suffered injury and damages in the amount of not less than $12,205,421, exclusive of prejudgment interest, the costs of suit, and other further relief as the Court may determine appropriate.

## SECOND CAUSE OF ACTION

### (For Professional Negligence Against All Defendants)

63. Plaintiff Gradillas hereby reasserts and realleges paragraphs 1 through 55, inclusive, as though set forth in full herein.

64. Plaintiff engaged Defendants to provide accounting and government contracting services to Plaintiff as consultants. Defendants provided such services to Plaintiff, and had a professional client relationship with Plaintiff.

65. When Defendants handled Plaintiff's Bid, Defendants had a duty to exercise that degree of learning, and use the degree of case and skill, ordinarily possessed by a reputable consultant, accountant or consulting or accountancy firm, practicing under similar circumstances. Defendants had a duty to use the skill, knowledge and care that a reasonably careful consultant, accountant or consulting or accountancy firm would have used in similar circumstances. Defendants owed all customary professional and fiduciary duties to Plaintiff and owed a duty of loyalty to Plaintiff not to act adversely to Plaintiff's interests, and to refrain from taking any action or omitting to take any action which was likely to result in loss, injury, damages, harm or detriment to Plaintiff.

66. As a result of the actions, errors and omissions, set forth above, Defendants have breached such duties, and have been professionally negligent.

67. But for Defendants' professional negligence, more likely than not Plaintiff would have submitted a successful bid to the SEC and have been awarded the SEC contract. As a proximate result of Defendants' professional negligence in connection with Plaintiff's SEC Bid, Plaintiff's Bid was automatically rejected by the SEC as untimely.

68. But for Defendants' professional negligence, Plaintiff was more likely than not to have submitted a successful Bid and to have been awarded the SEC contract.

69. As a direct and proximate result of such professional negligence, Plaintiff has suffered compensatory damages in the amount not less than $12,205,421, exclusive of prejudgment interest, the costs of suit, and other further relief as the Court may determine appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, jointly and severally as follows:

1. For money damages in such amounts as shall be shown at time of trial;
2. For costs of suit and interest as provided by law; and
3. For such other and further relief as the Court may deem proper.

DATED: May 16, 2017

HOWARTH & SMITH
SUZELLE M. SMITH

By: /s/ Suzelle M. Smith
Suzelle M. Smith
D.C. Bar No. 376384
Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791
ssmith@howarth-smith.com

Attorneys for Plaintiff
GRADILLAS COURT
REPORTERS, INC.

## DEMAND FOR JURY TRIAL

Plaintiff Gradillas Court Reporters, Inc. hereby demands a trial by jury herein.

DATED: May 16, 2017

HOWARTH & SMITH
SUZELLE M. SMITH

By: /s/ Suzelle M. Smith
Suzelle M. Smith
D.C. Bar No. 376384
Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Telephone: (213) 955-9400
Facsimile: (213) 622-0791
ssmith@howarth-smith.com

Attorney for Plaintiff
GRADILLAS COURT
REPORTERS, INC.

D.C. Courts Home

# Court Cases Online

Case Search for Company: GRADILLAS

**Click here to view search criteria**

Search retrieved 1 case in 4.07 seconds.

**Click here to view search results**

Selected 1 cases to view

Viewing single case; Details retrieved in less than a second.

**Click here to view case summary**

### 2017 CA 003381 B: GRADILLAS COURT REPORTERS, INC. Vs. CHERRY BEKAERT, LLC, et al.

| | | | |
|---|---|---|---|
| Case Type: | Civil II | File Date: | 05/16/2017 |
| Status: | Open | Status Date: | 05/16/2017 |
| Disposition: | Undisposed | Disposition Date: | |

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| GRADILLAS COURT REPORTERS, INC. | | Plaintiff | SMITH, Mrs SUZELLE M |
| CHERRY BEKAERT, LLC | | Defendant | |
| CRABTREE, SARA | | Defendant | |

| Schedule Date | Schedule Time | Description |
|---|---|---|
| 08/18/2017 | 09:30 AM | Initial Scheduling Conference-60 |

| Docket Date | Description | Messages |
|---|---|---|
| 05/17/2017 | Service Issued | Issue Date: 05/17/2017<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>CHERRY BEKAERT, LLC<br>200 South 10th Street, Suite 900<br>RICHMOND, VA 23219<br>Tracking No: 5000189632<br><br>CRABTREE, SARA<br>222 Central Park Avenue, Suite 1400<br>VIRGINIA BEACH, VA 23462<br>Tracking No: 5000189633 |
| 05/17/2017 | Event Scheduled | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 08/18/2017 Time: 9:30 am<br>Judge: CAMPBELL, JOHN M Location: Courtroom 519 |
| 05/16/2017 | Complaint for Breach of Contract Filed | Complaint for Breach of Contract Filed Receipt: 368392 Date: 05/17/2017 |

| Receipt # | Date | From | Payments | | Fee | | Amount Paid |
|---|---|---|---|---|---|---|---|
| 368392 | 05/17/2017 | SMITH, Mrs SUZELLE M | Efile | $120.00 | Cost | $120.00 | $120.00 |